**FIRST CHRISTIAN CHURCH, Plaintiff-Appellee,**

v.

**BOARD OF ASSESSMENT APPEALS, State of Colorado; and Property Tax Administrator, State of Colorado, Defendants-Appellants.**

**No. 84CA1002.**

Colorado Court of Appeals, Div. I.

Nov. 29, 1985.

Hasler & Fonfara, John R. Duval, Fort Collins, for plaintiff-appellee.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Larry A. Williams, Asst. Atty. Gen., Denver, for defendants-appellants.

KELLY, Judge.

The Larimer County Board of Assessment Appeals and the Property Tax Administrator appeal the judgment of the district court entered under § 24–4–106(7), C.R.S., ordering the Board to grant the application of the First Christian Church for tax exemption of property owned and used for religious worship. The trial court found that the grounds on which the Board had based its denial were unsupported by substantial evidence in the record and ordered the Board to grant the exemption. We reverse.

First Christian Church petitioned in the district court for judicial review of the decision of the Board of Assessment Appeals affirming the determination of the Property Tax Administrator partially denying the Church's application for exemption of property allegedly owned and used for religious

worship. The Property Tax Administrator had found that the application was justified except for the east 450 feet of the real property owned by the Church. After a hearing, the Board affirmed this decision. The Board found that the east 450 feet of the property was not being used by the church and, accordingly, that portion of the property did not meet the requirements of § 39–3–101(1)(e), C.R.S. (1982 Repl.Vol. 10).

The trial court reversed the Board because there was uncontroverted evidence in the record that there was a maintenance building and access to the maintenance building on the east 450 feet of the property. The trial court also found that the maintenance building was essential to the functioning of the main Church building located on that portion of the property granted a tax exemption. The trial court thus concluded that the Board had abused its discretion and had acted arbitrarily and capriciously.

The Board argues that its findings are supported by substantial evidence in the record and that the trial court erred in setting aside its order. We agree.

A reviewing court may not set aside the evidentiary findings of an administrative agency unless they are clearly erroneous on the whole record or are unsupported by substantial evidence. *Lee v. State Board of Dental Examiners,* 654 P.2d 839 (Colo. 1982); § 24–4–106(7), C.R.S. (1982 Repl. Vol. 10). When there is substantial evidence in the record, a reviewing court is obliged to affirm the agency action. *DeScala v. Motor Vehicle Division,* 667 P.2d 1360 (Colo.1983).

Pursuant to the authorization of Colo. Const. art. X, § 5, the General Assembly has provided in § 39–3–101(1)(e), C.R.S. (1982 Repl.Vol. 16B) for the exemption from general taxation of property owned and used solely and exclusively for religious worship. It has limited this exemption "to any building or edifice and the personal property located therein which is primarily used for religious worship, and any land which is essential to the functioning of said edifices...." To determine whether the requirements of this statute have been met, each case must be determined on its own facts. *United Presbyterian Ass'n v. Board of County Commissioners,* 167 Colo. 485, 448 P.2d 967 (1968).

Here, it is undisputed that the property which was denied tax exempt status was not being used for religious worship and that the development of that portion of the church property for the "Church's ministry" was expected to span a period of 20 years. The land was vacant at the time of its inspection by an agent of the Property Tax Administrator, although a maintenance shed was located thereon at a later time. There is no evidence in the record to show that the maintenance building or the land upon which it is located are essential to the functioning of the Church buildings. Indeed, at the time of the hearing before the Board, the land was not being used for any purpose, and the purpose of the maintenance shed was unexplained. Under these circumstances, the Church failed to sustain its burden of establishing its right to a tax exemption. *West Brandt Foundation, Inc. v. Carper,* 652 P.2d 564 (Colo.1982); *United Presbyterian Ass'n v. Board of County Commissioners, supra.*

The judgment is reversed and the cause is remanded with directions to enter judgment affirming the order of the Board.

PIERCE and BABCOCK, JJ., concur.