**ST. MARK COPTIC ORTHODOX CHURCH OF COLORADO,**
Petitioner–Appellant,

v.

**The COLORADO STATE BOARD OF ASSESSMENT APPEALS, Mary Anne Maurer, State of Colorado Property Tax Administrator, Respondents–Appellees.**

**No. 87CA1183.**

Colorado Court of Appeals,
Div. V.

Sept. 15, 1988.

Henry and Henry, P.C., Charles E. Henry, James C. Henry, Lakewood, for petitioner-appellant.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Larry A. Williams, First Asst. Atty. Gen., Denver, for respondents-appellees.

FISCHBACH, Judge.

Plaintiff, St. Mark Coptic Orthodox Church of Colorado (St. Mark), appeals an order of the trial court affirming the denial by the Board of Assessment Appeals (Board) of St. Mark's petition for abatement of its property taxes. We affirm.

In April 1984, St. Mark purchased property from the Church of the Nazarene. When owned by the Church of the Nazarene, the property had a tax exemption based on its use for religious worship. Upon receipt of notice from the Church of the Nazarene that the property had been sold, the property was deleted from the exempt property records by the Division of Property Taxation. After St. Mark received a tax bill in 1985 for 1984 taxes, it applied for exemption and for abatement of the 1984 taxes.

The property tax administrator denied St. Mark's abatement petition on the grounds that St. Mark did not apply for an exemption in 1984, and that § 39-2-117(1), C.R.S. (1982 Repl.Vol. 16B) prevents the grant of an exemption for any year prior to the year that application is received. The Board and the district court affirmed the property tax administrator's denial of the abatement petition.

St. Mark contends that because the property tax administrator failed to notify it that this exemption was revoked pursuant to § 39-2-117(3), C.R.S. (1982 Repl.Vol. 16B) St. Mark was deprived of a legally protected right. We disagree.

■ Property owned and used solely and exclusively for religious worship is ex-empt from *ad valorem* taxation. Colo. Const. art. X, § 5; § 39-3-101(1)(e), C.R.S. (1982 Repl.Vol. 16B). The test of exemption from taxation is ownership coupled with use. *United Presbyterian Ass'n v. Board of County Commissioners*, 167 Colo. 485, 448 P.2d 967 (1968). The purpose for which the property is used determines the status of the exemption applied for by the owner.

■ Contrary to St. Mark's argument, the exemption is not perpetual; it is dependent upon the use to which the property is put. It does not run with the land. *See First Christian Church v. Board of Assessment Appeals*, 711 P.2d 721 (Colo.App. 1985). Thus, St. Mark had no automatic right to the exemption and was required to comply with statutory prerequisites to so qualify.

Section 39-2-117(1) provides that: "Every application claiming initial exemption of real and personal property from general taxation under the provisions of § 39-3-101(1)(e) to (1)(g) ... shall be signed by the owner of such property or his authorized agent.... [I]n no event shall such exemption apply to any year prior to the year in which application is made."

■ Thus, under § 39-2-117(1), St. Mark, as the new owner, was required to file an application for an exemption when it purchased the property to enable the property tax administrator to determine whether the property was being used for religious worship. There is a presumption against exemption, and the burden is on the taxpayer who claims an exemption to establish the right to it by showing that he has met the necessary criteria. *See Security Life & Accident Co. v. Heckers*, 177 Colo. 455, 495 P.2d 225 (1972).

■ Because St. Mark, as the property owner, did not apply for an exemption for the 1984 tax year, the district court correctly affirmed the Board's denial of the petition for abatement.

■ St. Mark also asserts that, pursuant to § 39-2-117(3), when the Church of the Nazarene filed the required annual report,

the Board was obligated to notify that church, as "the owner of such property, ... in writing of the disqualification." While the Board did fail to notify the Church of the Nazarene of the disqualification, for the reasons already stated, St. Mark has no standing to protest that procedural defect.

St. Mark also requests that we issue a writ of mandamus requiring the property tax administrator to rule on its application for exemption. We have no jurisdiction to consider this request. C.A.R. 21.

ORDER AFFIRMED.

VAN CISE and PLANK, JJ., concur.