**William D. PADGETT, Plaintiff-Appellant,**

v.

**ROUTT COUNTY BOARD OF EQUALIZATION and The Colorado Board of Assessment Appeals, Defendants-Appellees.**

No. 92CA1076.

Colorado Court of Appeals,
Div. IV.

July 1, 1993.

Thomas E. Lynch, Steamboat Springs, for plaintiff-appellant.

John D. Merrill, Routt County Atty., Steamboat Springs, for defendant-appellee Routt County Bd. of Equalization.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Larry A. Williams, First Asst. Atty. Gen., Denver, for defendant-appellee Bd. of Assessment Appeals.

Opinion by Judge PLANK.

Plaintiff, William Padgett, appeals an order by the State Board of Assessment Appeals (BAA) upholding the Routt County Board of Equalization's classification of Padgett's property as non-agricultural for the 1991 tax year. We reverse and remand for further proceedings.

■ Section 39-1-105, C.R.S. (1992 Cum. Supp.) requires property to be assessed based on its condition and use as of noon on January 1 of the tax year. To make this determination, it must be shown that the land is used for agricultural purposes on January 1 and has been for the previous two years. *See* § 39-1-102 (1.6)(a)(I), C.R.S. (1992 Cum.Supp.).

Plaintiff initially appealed the county's classification of his land as non-agricultural for the 1990 tax year. In that appeal, the BAA held that the plaintiff's property was agricultural because it had been used for that purpose for calendar years 1988 and 1989 and was so used as of January 1, 1990. In its ruling on this appeal for the 1991 tax year, the BAA held that: "[T]he subject had not been used for agricultural purposes *during the two previous years*, but the use had been for pasturing pleasure horses and therefore did not qualify under the applicable statutes for the agricultural classification." (emphasis supplied)

Plaintiff contends that the BAA erred by not giving collateral estoppel effect to its prior decision. Plaintiff argues that this ruling necessarily determined that the property was agricultural for 1989 and 1990. We agree in part.

Collateral estoppel applies in administrative proceedings and bars relitigation of an issue determined in a prior hearing if the issue in question is identical to the issue actually litigated and necessarily adjudicated, the party against whom the estoppel is sought was a party to or in privity with a party to the prior proceeding, there was a final judgment in the prior proceeding, and the party against whom the doctrine is asserted had full and fair opportunity to litigate the issue in the prior proceeding. *Industrial Commission v. Moffat County School District*, 732 P.2d 616 (Colo.1987).

Here, the issue of the prior use of Padgett's property in calendar 1989 was resolved by the BAA's prior decision and the county is precluded by collateral estoppel from relitigating that determination. However, contrary to Padgett's contention, use of the property for the calendar year 1990 was not determined. While the statutory periods may overlap, they are not the same.

The BAA's order is reversed, and the cause is remanded for an evidentiary hearing as to use of the property for the 1990 calendar year only.

CRISWELL and RULAND, JJ., concur.