**LOWE DENVER HOTEL ASSOCI-ATION, Petitioner–Appellee,**

and

**Board of Assessment Appeals of the State of Colorado, Appellee,**

v.

**ARAPAHOE COUNTY BOARD OF EQUALIZATION, Respondent–Appellant.**

No. 93CA1984.

Colorado Court of Appeals, Div. A.

Jan. 12, 1995.

Davis, Graham & Stubbs, Andrew M. Low, Anthony F. Medeiros, Denver, for petitioner-appellee.

Gale A. Norton, Atty. Gen., Stephen K. ErkenBrack, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Jack M. Wesoky, Sr. Asst. Atty. Gen., Larry A. Williams, First Asst. Atty. Gen., Denver, for appellee.

Peter Lawrence Vana, III, County Atty., Richard F. Mutzebaugh, Sp. Asst. County Atty., Littleton, for respondent-appellant.

Opinion by Judge SMITH.[*]

In this property tax case, respondent, the Arapahoe County Board of Equalization (BOE), appeals from an order of the Board of Assessment Appeals (BAA) which reduced the 1992 tax year valuation placed on certain commercial property owned by petitioner, Lowe Denver Hotel Association (taxpayer), to the same valuation level that had ultimately been set for the 1991 tax year. We affirm.

[*] Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3), and § 24–51–1105, C.R.S. (1994 Cum.Supp.).

The county assessor originally valued the subject property, a hotel in Aurora, at $11,076,697 for the 1991 tax year, the first year of the biennial reassessment cycle. After taxpayer's challenge to this valuation was denied by the BOE, taxpayer appealed the matter to the BAA. Taxpayer and the BOE ultimately stipulated to a 1991 tax year valuation of $7,800,000 for the subject property in these earlier proceedings, and the BAA ordered such a reduction in valuation pursuant to that stipulation.

As to the 1992 tax year at issue here, the assessor again valued the subject property at $11,076,697. The BOE thereafter again denied taxpayer's challenge to this valuation, and taxpayer again appealed the matter to the BAA.

At the outset of the hearing conducted before the BAA, the BAA questioned the assessor's authority to revalue the property for the 1992 tax year, the second year of the same reassessment cycle, at a level higher than that previously adjudicated for the 1991 tax year.

In response, the BOE relied on the statutory exception set out in § 39–1–104(11)(b)(I), C.R.S. (1994 Repl.Vol. 16B), generally authorizing assessors to revalue property for such intervening tax years in order to "correct" an earlier "incorrect" base period valuation. Specifically, the BOE asserted that the "incorrect" valuation subject to such "correction" under these statutory provisions was the *stipulated* valuation for the 1991 tax year, *not* the assessor's *original* valuation, and that the county had entered into the stipulation based on an alleged error in its computer program.

The BAA rejected this argument, ruling that this statutory exception did not apply under these circumstances. Consequently, because the BOE failed to establish the assessor's authority to revalue the property for the 1992 tax year under these provisions, the BAA ruled that the stipulated valuation for the 1991 tax year "must stand" for the 1992 tax year as well. The BAA therefore ordered that the 1992 tax year valuation of the subject property be reduced to $7,800,000.

On appeal, we reject the BOE's arguments that the BAA erred in so ruling.

Under the applicable biennial reassessment scheme, property tax valuations for each of the tax years within a given cycle, such as the 1991 and 1992 tax years, normally are to be determined with reference to the same applicable base period. Thus, an assessor normally may not revalue property for tax years that "intervene" between the scheduled revaluations under the biennial reassessment cycle, such as the 1992 tax year, and, instead, the assessor normally must carry forward the valuation established for the first year of the reassessment cycle as the valuation for the second year of that cycle. *See* §§ 39–1–104(10.2) & 39–1–103(15), C.R.S. (1994 Repl.Vol. 16B); *see also Weingarten v. Board of Assessment Appeals,* 876 P.2d 118 (Colo.App.1994).

However, pursuant to certain statutory exceptions to the foregoing scheme, an assessor is authorized to revalue property for such intervening tax years under certain limited circumstances. Here, the particular statutory exception exclusively relied upon by the BOE to justify the assessor's 1992 tax year revaluation of the subject property is set forth in § 39–1–104(11)(b)(I), which provides, in pertinent part, that: "[I]f any real property has not been assessed at its correct level of value, the assessor shall revalue such property for the intervening year so that the actual value of such property will be its correct level of value."

As noted in *24, Inc. v. Board of Equalization,* 800 P.2d 1366 (Colo.App.1990), it is apparent from the legislative history behind the quoted statutory provisions that the General Assembly, in enacting these provisions, intended thereby to give assessors the authority to "correct" certain previously made "incorrect" base period valuations, by revaluing such property for an intervening tax year to its "correct" base period level of value.

■ Contrary to the BOE's argument, however, we conclude that the General Assembly, through these provisions, intended to authorize assessors to make such "corrective" intervening year revaluations *only* when the *assessor's* own *original* base period valuation for the first year of the reassess-

ment cycle is subsequently asserted to be "incorrect" and thus in need of such "correction." *See* § 39–1–104(11)(b)(I); *24, Inc. v. Board of Equalization, supra.*

We further conclude that these statutory provisions do *not* authorize assessors to make intervening year revaluations when the valuation for the first year of the reassessment cycle has been *determined in adjudicatory proceedings* resulting from taxpayer protests or appeals. In such circumstances, the "correct" base period level of value has then been established, for purposes of these provisions, through the prior adjudicatory proceedings. *See* § 39–1–104(11)(b)(I); *24, Inc. v. Board of Equalization, supra; see also* § 39–1–103(15); *Weingarten v. Board of Assessment Appeals, supra.*

Here, the "correct" base period valuation of the subject property for this reassessment cycle was established by the stipulation entered in the previous adjudicatory proceedings concerning the 1991 tax year. Under these circumstances, regardless of whether the county's action in stipulating to this valuation resulted from an alleged computer error, we conclude that, as a matter of law, the statutory exception relied upon by the BOE did not provide any authorization for the assessor's 1992 tax year revaluation of the property.

Thus, the BAA properly ruled that the BOE failed to establish any legal basis authorizing the assessor's intervening year revaluation here, and the BAA therefore properly reduced the 1992 tax year valuation of the property to the same level as its previously adjudicated 1991 tax year valuation. *See 24, Inc. v. Board of Equalization, supra; Leavell–Rio Grande Central Associates v. Board of Assessment Appeals,* 753 P.2d 797 (Colo. App.1988).

 We also reject the BOE's argument that the BAA erred procedurally in refusing to allow it to present evidence concerning the alleged error in the county's computer program prior to making its ruling in this matter. Because the alleged computer error related only to the prior year's stipulation and not to the assessor's original base period valuation, it was irrelevant, as a matter of law, to the asserted statutory exception here.

Moreover, in any event, our review of the transcript reveals that the BAA allowed the BOE the opportunity to make as much of a record as it wished on this issue.

In light of this disposition of the issues, we need not address the issue concerning collateral estoppel and the other contentions of the parties.

Accordingly, the order of the BAA is affirmed.

STERNBERG, C.J., and VAN CISE *, J., concur.