Thomas E. KELLEY, Petitioner–Appellant,

v.

GRAND COUNTY BOARD OF EQUAL-IZATION, Respondent–Appellee,

and

Board of Assessment Appeals of the State of Colorado, Appellee.

No. 96CA0671.

Colorado Court of Appeals, Div. III.

Feb. 20, 1997.

Thomas E. Kelley, Pro Se.

Grand County Attorney, Anthony J. DiCola, Hot Sulphur Springs, for Respondent–Appellee.

Gale A. Norton, Attorney General, Stephen K. ErkenBrack, Chief Deputy Attorney General, Timothy M. Tymkovich, Solicitor General, Mark W. Gerganoff, Assistant Attorney General, Denver, for Appellee.

Opinion by Judge RULAND.

Petitioner, Thomas E. Kelley (taxpayer), owned a nine-acre vacant lot during the 1995 tax year. He appeals from an order of the Board of Assessment Appeals (BAA) denying his challenge to the 1995 valuation of the lot by respondent, the Grand County Board of Equalization (BOE). We affirm.

The relevant facts are not in dispute. During 1994, a 35–acre parcel was subdivided into 4 lots. As part of the subdivision process, the developer was required to ensure the availability of domestic water for the lots.

Final approval and recording of the subdivision plat occurred in early November 1994. Taxpayer signed a contract to purchase one of the lots on November 18. At that time, however, a restriction was imposed on the lot prohibiting any closing on the sale until the pending proof of water availability was provided by the developer to the county. It is undisputed that sources of water for the lot had previously been secured and that final approval was a formality.

The final proof of water availability was obtained by the developer. Accordingly, the county rescinded the restriction by resolution adopted on January 10, 1995. The closing on taxpayer's lot occurred on January 16.

The BOE valued the subject property at $74,800 for the 1995 tax year, and taxpayer

appealed to the BAA. In *de novo* evidentiary proceedings, taxpayer contended that, because the legal restriction on the sale of the lot was in effect on the assessment date of January 1, 1995, the lot had "no value" for the 1995 tax year. Alternatively, taxpayer argued that the lot should be given a minimal value by valuing it as part of the larger unsubdivided tract. In this regard, taxpayer presented evidence of comparable sales data involving unsubdivided land.

The BOE presented evidence concerning the county's subdivision regulation procedures and the purpose of the temporary restriction on the sale in effect on the assessment date. *See* §§ 30–28–101(11), 30–28–133(3)(d), & 30–28–137, C.R.S. (1986 Repl. Vol. 12A). Characterizing the delay in receiving the final proof of water availability as merely "paperwork," the BOE also presented evidence in support of its 1995 valuation of the subject property as a subdivided lot based on comparable sales data from the applicable base period. The BOE's valuation also included the application of a slight discount to account for the minimal effect of the temporary restriction.

The BAA ruled that the BOE had "correctly valued" the lot for the 1995 tax year. In support of its ruling, the BAA found that the county's final action on the lot on January 10 was "an administrative formality," and that the BOE's valuation adequately reflected both the market value in the base period and an allowance for the restriction in effect as of the January 1 assessment date. Accordingly, the BAA denied taxpayer's petition.

On appeal, taxpayer asserts that the BAA's ruling was error. We are not persuaded.

As noted by taxpayer, § 39–1–105, C.R.S. (1994 Repl.Vol. 16B) requires that all taxable property be valued for assessment purposes based on its status, condition, and use as of noon on January 1 of the tax year. *See*

*Padgett v. Routt County Board of Equalization,* 857 P.2d 565 (Colo.App.1993).

■ Contrary to taxpayer's argument, however, we cannot agree that, as a matter of law, the lot had no value for assessment purposes on January 1 because of the sales restriction. Rather, we agree with the BAA that, notwithstanding this restriction, the lot continued to have value, and that the correct valuation involved only a determination of the amount of any adjustment necessary because of that restriction.

Indeed, taxpayer's decision to sign a contract of purchase on November 18 is inconsistent with his position that the temporary legal restriction rendered the subject lot valueless.

Further, because the BAA's factual findings concerning the valuation are supported by competent and substantial evidence in the record as a whole, the BAA's ruling for the 1995 tax year may not be disturbed on review. *See* §§ 24–4–106(7) & 24–4–106(11)(e), C.R.S. (1988 Repl.Vol. 10A); *Golden Gate Development Co. v. Gilpin County Board of Equalization,* 856 P.2d 72 (Colo.App.1993).

■ Finally, we also reject taxpayer's argument that the lot should have been valued as part of a larger unsubdivided tract for the 1995 tax year. To the contrary, because the subdivision had been approved and the plat recorded as of the January 1 assessment date, we conclude that it was appropriately valued as a subdivided lot. *See* § 39–1–105.

Accordingly, the BAA's order is affirmed.

PLANK and JONES, JJ., concur.