**Jan L. LAWRENCE, Petitioner–Appellant,**

v.

**BOARD OF EQUALIZATION, CHAFFEE COUNTY, Respondent–Appellee,**

and

**Colorado State Board of Assessment Appeals, Appellee.**

No. 98CA1286.

Colorado Court of Appeals, Div. III.

July 8, 1999.

Rehearing Denied Aug. 19, 1999.

Certiorari Denied Dec. 6, 1999.

Andrew T. Brake, P.C., Brian L. Lewis, Englewood, Colorado, for Petitioner–Appellant.

Chaffee County Attorney's Office, Kenneth A. Baker, Chaffee County Attorney, Salida, Colorado, for Respondent–Appellee.

No Appearance for Appellee.

Opinion by Judge STERNBERG.*

In this property tax case, petitioner, Jan L. Lawrence (taxpayer), appeals from an order of the Board of Assessment Appeals (BAA) which reduced the 1997 tax year valuation assigned to her residential property by respondent, the Chaffee County Board of Equalization (BOE), to a level that fell between the valuations asserted by taxpayer and the BOE. We affirm.

At issue in the *de novo* evidentiary proceedings before the BAA concerning the 1997 tax year, as was the case in earlier BAA proceedings concerning the 1996 tax year, was whether taxpayer's well was polluted with groundwater contamination as of the relevant assessment date and, if so, the impact of such contamination on the valuation of the property for the current tax year.

In the earlier proceedings, the BAA had ruled that the well was indeed contaminated, and that a 60% reduction of the BOE's 1996 tax year valuation was warranted to account for such contamination. The BAA's 1996 tax year ruling was thereafter upheld on appeal.

At the outset of the BAA hearing in this case, the BAA rejected taxpayer's legal argument that its previous tax year ruling was binding on it regarding the 1997 tax year

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3), and § 24-51-1105, C.R.S.1998.

valuation issues. The parties then presented evidence concerning such valuation issues.

For the 1997 tax year, the BOE valued the property at $212,723, but it did not make any adjustment for any contamination of taxpayer's well. Taxpayer testified that the contamination of the well was an ongoing problem, and that she accepted the BOE's valuation apart from the contamination issues.

Taxpayer presented limited evidence as to the impact of the contamination on the valuation for the 1997 tax year, while the BOE did not present any evidence on this issue. On direct examination, taxpayer testified that the property has "zero" value because it is unmarketable and that she stood by her previous testimony in the earlier hearing of at least a 75% devaluation, but that she was willing to accept the BAA's prior determination of a 60 to 70% devaluation because of the contaminated well. On cross-examination by a member of the BAA, the taxpayer noted that she and three others resided on the property, and on the issue of the cost to cure the contamination problem, taxpayer testified that installation of a cistern for ongoing water purchases would cost from $6000 to $8000.

Following the hearing, based on its evaluation of the evidence presented, the BAA reduced the 1997 tax year valuation of the property by $50,000 to $162,723. The BAA again credited taxpayer's evidence that the well was contaminated, but ruled that a reduction of the BOE's 1997 tax year valuation based on a cost to cure the contamination problem of approximately $50,000 was appropriate.

## I.

Taxpayer first contends that the BAA erred as a matter of law in failing to give binding effect to its prior ruling regarding the "methodology or formula" for computing the appropriate diminution of value resulting from the well contamination under the doctrines of collateral estoppel or *res judicata.* Like the BAA, we reject this contention.

Under the pertinent statutory scheme, property is valued for assessment purposes based on its status, condition, and use on the assessment date of January 1 of each tax year. *See* § 39–1–105, C.R.S.1998; *Kelley v. Grand County Board of Equalization,* 934 P.2d 929 (Colo.App.1997). Moreover, as further noted by the BAA, valuation hearings before the BAA are *de novo* in nature, and the 1996 and 1997 tax years are in different biennial reassessment cycles involving different valuation base periods. *See* §§ 39–1–104(10.2) & 39–8–108(1), C.R.S.1998; *see also* Colo. Const. art. X, § 20(8)(c).

■ Under this scheme, the question of the value of a particular property as of January 1 of one tax year is a different issue from the question of its value on the first day of some later tax year. Consequently, a prior BAA ruling as to valuation issues for a previous tax year is not binding on it as to the valuation issues presented for a later tax year. *See Von Hagen v. Board of Equalization,* 948 P.2d 92 (Colo.App.1997); *Industrial Commission v. Moffat County School District RE No. 1,* 732 P.2d 616 (Colo.1987); *see also Guest Mansions, Inc. v. Arapahoe County Board of Equalization,* 899 P.2d 944 (Colo.App.1995) (collateral estoppel generally does not apply in property tax matters involving later tax years); *Weingarten v. Board of Assessment Appeals,* 876 P.2d 118 (Colo.App.1994) (while prior ruling as to previous tax year is not conclusive, BAA may consider it as part of the valuation evidence before it for a later tax year).

■ Thus, in determining the appropriate valuation of taxpayer's property for the 1997 tax year, the BAA properly ruled that it was not bound by any valuation methodology or results in its prior ruling as to the previous tax year.

## II.

Taxpayer also contends that the BAA erred in determining that the 1997 tax year valuation should be reduced based on a cost to cure the well contamination problem and that the amount of the appropriate reduction was limited to $50,000, asserting that these determinations lack sufficient evidentiary support in the record. We perceive no reversible error in the BAA's determination of

these factual issues under the applicable standard of review.

◼ It is the function of the BAA, not a reviewing court, to weigh the evidence and to resolve any conflicts. *Board of Assessment Appeals v. E.E. Sonnenberg & Sons, Inc.,* 797 P.2d 27 (Colo.1990).

◼ Moreover, the BAA, as the trier of fact, was not bound to accept taxpayer's limited evidence as to the basis and amount of the valuation reduction sought due to the well contamination as dispositive, even if uncontroverted. Rather, the BAA was free to place whatever weight it deemed appropriate on taxpayer's evidence concerning these issues. *See Weingarten v. Board of Assessment Appeals, supra.*

In our view, taxpayer's arguments in this regard essentially go to the weight to be given to the evidence presented concerning the valuation reduction warranted by the well contamination problem. However, under the applicable standard of review, we will not reweigh the evidence presented or substitute our judgment for that of the BAA on such factual issues. *See Weingarten v. Board of Assessment Appeals, supra.*

◼ Rather, we conclude that the BAA's factual determination as to the appropriate valuation of taxpayer's property for the 1997 tax year is supported by competent and substantial evidence in the record as a whole, and the BAA's ruling therefore will not be disturbed on review. *See* §§ 24–4–106(7) & 24–4–106(11)(e), C.R.S.1998; *Weingarten v. Board of Assessment Appeals, supra; Burns v. Board of Assessment Appeals,* 820 P.2d 1175 (Colo.App.1991) (similarly upholding BAA valuation determination that fell between valuations asserted by the parties under this standard of review).

In light of this disposition of the issues, we need not address the remaining contentions of the parties.

The BAA's order is affirmed.

Judge MARQUEZ and Judge CASEBOLT concur.