James Kenneth GYURMAN,
Petitioner–Appellee,

and

Board of Assessment Appeals of the State of Colorado, Appellee,

v.

WELD COUNTY BOARD OF EQUAL-IZATION, Respondent–Appellant.

No. 92CA0423.

Colorado Court of Appeals,
Div. I.

March 25, 1993.

---

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3), and § 24–51–1105, C.R.S. (1988 Repl.Vol. 10B).

Sonheim, Helm & Less, Robert H. Sonheim, Arvada, for petitioner-appellee.

No appearance for appellee Bd. of Assessment Appeals.

Thomas O. David, County Atty., Cyndy Giauque, Asst. County Atty., Greeley, for respondent-appellant.

Opinion by Judge METZGER.

In this property tax case, respondent, the Weld County Board of Equalization (BOE), appeals from an order of the Board of Assessment Appeals (BAA) which changed the BOE's classification of property owned by petitioner, James Kenneth Gyurman (taxpayer), for the 1991 property tax year from partially residential land and partially vacant land to entirely residential land. We affirm.

For the 1991 tax year, the county assessor reclassified the subject property, a 36.75 acre tract of rural land, from its previous classification entirely as agricultural land to a mixed use classification. This was split between 2.75 acres, classified as residential land, and the remaining 34 acres, classified as vacant land. After this classification was upheld by the BOE, taxpayer appealed the matter to the BAA, contending that the entire 36.75 acre tract should be classified as agricultural land or otherwise as residential land.

At a *de novo* evidentiary hearing before the BAA, both taxpayer and the BOE presented evidence in support of their respective positions concerning the appropriate classification of the subject property.

As to his residential classification claim, taxpayer testified that the entire tract was being used as residential property on the 1991 assessment date and that all of it was part of his residence. Specifically, taxpayer testified that he bought the property because he was looking for at least 40 acres to "get some distance" between himself and other people and that he used it by "looking at the wildlife that was out there and keeping people off of it." Taxpayer further testified that all of the land went with the house because, apart from the agricultural use he was planning, nothing else could be done with the land other than to live on it. In documentary evidence, taxpayer also denied that any of the land was vacant and asserted that it was all being used as a unit with his house.

The BOE's witness from the assessor's office testified that the mixed-use classification was employed by following state law and directives from the property tax administrator. He further testified that only the 2.75 acres were classified as residential land. He went on to say that the assessor's office typically uses 2 acres for residential use on a tract that size and that the .75 acre was added for a lane between taxpayer's house and the road. The BOE's

documentary evidence also indicated that the policy of the assessor's office was to classify only 2 acres as residential for all large tracts with residential dwellings, absent documented proof that more than 2 acres were used with the residence.

Following the hearing, the BAA ruled that taxpayer had presented sufficient probative evidence and testimony to prove that the subject property was incorrectly classified for the 1991 tax year. Specifically, the BAA ruled that the subject property should not be classified as mixed use property because it had only one use on the assessment date, that being use for residential purposes. The BAA further ruled that neither it nor the assessor nor the BOE had "the power to dictate to a Colorado taxpayer what size parcel of land he must use for a homesite."

Accordingly, the BAA ordered the BOE to reclassify the entire 36.75 acre tract to residential land for the 1991 tax year. On the BOE's motion, the BAA also later entered an order ruling that the issue of the classification of the subject property was "a matter of statewide concern."

This appeal by the BOE followed. Taxpayer did not file an appeal or a cross-appeal from the BAA's denial of his agricultural classification claim. Thus, the issue here is whether the BAA properly reclassified the 34-acre portion of the subject property from vacant land to residential land.

## I.

■ Initially, we reject taxpayer's argument that this court lacks jurisdiction to consider the merits of the BOE's appeal.

Two independent grounds exist to support our determination that the BOE's appeal was properly and timely filed with this court. First, it was filed both within the 45-day time limit applicable to appeals authorized to be taken by boards of equalization from BAA decisions concerning matters recommended by the BAA to be of "statewide concern." Second, it was filed within the separate 30-day time limit applicable to appeals authorized to be taken by boards of equalization from BAA decisions

as to "alleged procedural errors or errors of law." *See* § 39–8–108(2), C.R.S. (1992 Cum.Supp.). Thus, we conclude that this court has jurisdiction over the merits of the BOE's appeal.

■ However, we also note that this court lacks jurisdiction to consider taxpayer's arguments concerning his agricultural classification claim because taxpayer did not preserve the agricultural classification issue for review by filing an appeal or a cross-appeal from the BAA's ruling. *See* § 39–8–108(2); *see also Rose v. Department of Institutions*, 826 P.2d 379 (Colo. App.1991).

## II.

As to the merits of the residential classification issue, we find no error in the BAA's ruling and, therefore, affirm it.

Pursuant to § 39–1–102(14.4), C.R.S. (1992 Cum.Supp.), "residential land" is defined, in pertinent part, as:

> a parcel or contiguous parcels of land under common ownership upon which residential improvements are located *and which is used as a unit in conjunction with the residential improvements located thereon* ... [but] [t]he term does not include any portion of the land which is used for any purpose which would cause the land to be otherwise classified. (emphasis added)

*See also* Colo. Const. art. X, § 3(1)(b) (residential property includes all residential dwelling units "and the land, as defined by law, on which such units are located").

■ Thus, under the foregoing provisions, there is no prescribed limit on the amount of acreage which may be entitled to residential classification as being a part of a taxpayer's residence. Rather, the amount of acreage entitled to residential classification must be determined on a case-by-case basis. The determination of the size of the residential tract must be based solely on the amount of acreage which is being used as a unit in conjunction with the residential improvements on each particular property. As a result, depend-

ing on the facts in a particular case, the amount of such residential acreage may be either the taxpayer's entire property or only some lesser portion thereof, whichever is consistent with the taxpayer's use of the property. *See* § 39–1–102(14.4).

There is a rebuttable presumption that the classification and valuation made by a county assessor is correct. Consequently, in a *de novo* hearing before the BAA, the burden of proof is on the taxpayer to rebut that presumption by showing, by a preponderance of the evidence, that the classification and valuation made by the assessor is incorrect. *See Snyder Family Trust v. Adams County Board of Equalization,* 835 P.2d 579 (Colo.App. 1992); *Arapahoe Partnership v. Board of County Commissioners,* 813 P.2d 766 (Colo.App.1990); *see also* BAA Rule 14, 8 Code Colo.Reg. 1301–1 (1990); § 24–4–105(7), C.R.S. (1988 Repl.Vol. 10A).

Nevertheless, the determination whether that burden of proof has been met by competent evidence by the taxpayer is a question of fact for the BAA to decide. Similarly, the determination of the appropriate size of the residential acreage which is consistent with the taxpayer's use of the property is also a question of fact for the BAA to decide based on the evidence in each particular case. *See* § 39–1–102(14.4); *see also C.A. Staack Partnership v. Board of County Commissioners,* 802 P.2d 1191 (Colo.App.1990) (remanding for fact finder's resolution of dispositive factual issues as to appropriate classification of property).

In making these determinations, the evaluation of the credibility of the witnesses and the weight, probative value, and sufficiency of all of the evidence are matters solely within the fact-finding province of the BAA, whose decisions in such matters may not be displaced on appeal by a reviewing court. *See Board of Assessment Appeals v. Colorado Arlberg Club,* 762 P.2d 146 (Colo.1988); *Burns v. Board of Assessment Appeals,* 820 P.2d 1175 (Colo.App.1991).

Here, contrary to the BOE's argument, we find nothing in the BAA's ruling that is inconsistent with the foregoing legal standards. Moreover, taxpayer's evidence in this case, if credited, as it was by the BAA, provides ample support for the BAA's ruling as to the dispositive factual issues here. On review, we will not reweigh the evidence or substitute our judgment for that of the BAA on such factual matters. *See* §§ 24–4–106(7) & 24–4–106(11)(e), C.R.S. (1988 Repl.Vol. 10A); *Board of Assessment Appeals v. Colorado Arlberg Club, supra; Burns v. Board of Assessment Appeals, supra.*

The BOE's remaining contentions of error are without merit.

Accordingly, the order of the BAA is affirmed.

PIERCE and DAVIDSON, JJ., concur.