Robert A. WYLER/PEBBLE CREEK RANCH, Petitioner–Appellant,

v.

COLORADO BOARD OF ASSESSMENT APPEALS and Summit County Board of Equalization, Respondents–Appellees.

No. 93CA1107.

Colorado Court of Appeals,
Div. I.

Sept. 8, 1994.

Opinion Modified Sept. 29, 1994.

Gloria A. Aluise, Dillon, for petitioner-appellant.

Jeffrey L. Huntley, County Atty., Stephen L. Brown, Asst. County Atty., Breckenridge, Gale A. Norton, Atty. Gen., Stephen K. ErkenBrack, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Mark W. Gerganoff, Asst. Atty. Gen., Denver, for respondents-appellees.

Opinion by Judge RULAND.

Petitioner, Robert A. Wyler/Pebble Creek Ranch (taxpayer), filed petitions for an abatement or refund of 1989 and 1990 real property taxes with respondent, Summit County Board of Commissioners. The County denied the petitions and petitioner appealed to the Board of Assessment Appeals (BAA). The BAA dismissed taxpayer's appeal. On

taxpayer's appeal of that dismissal, we affirm.

The relevant facts are not in dispute. Taxpayer's properties were reclassified from agricultural to residential by the county assessor, thus increasing the valuation for property taxation purposes. Taxpayer first protested the 1989 valuation to the Summit County Board of Equalization (BOE) and the protest was denied.

On August 30, 1989, acting pursuant to § 39–8–108, C.R.S. (1993 Cum.Supp.), taxpayer appealed to the district court for a trial *de novo*. On June 11, 1990, the district court dismissed the action without prejudice on the ground that taxpayer had failed to exhaust its administrative remedy. Taxpayer did not appeal that dismissal, and thus the validity of that order is not involved in this appeal.

On June 15, 1990, taxpayer protested the 1990 valuation under the protest and adjustment procedures by sending a letter to the assessor. *See* § 39–5–122, C.R.S. (1993 Cum. Supp.). On June 29, 1990, the assessor sent taxpayer its notices of determination which in effect denied taxpayer's protest.

On April 30, 1992, taxpayer filed the petition involved in this appeal seeking abatement or refund for both 1989 and 1990 property taxes. Taxpayer asserted in the petition that the taxes imposed had been levied "erroneously or illegally" because of the property reclassification. Taxpayer also asserted that the property was overvalued for both years.

In support of the petition, taxpayer alleged:

Since the property identified was actually used in 1989, 1990 and continues to be used for agricultural purposes, the undersigned respectfully requests that the taxes be abated accordingly and that this petition be granted.

In its order granting the County's motion to dismiss taxpayer's appeal, the BAA concluded that the petition for refund of the 1989 taxes was not timely filed under either the 1988 or the 1991 version of the pertinent statute. The BAA dismissed taxpayer's 1990 claim based upon its interpretation of the 1991 version.

The applicable portions of the abatement and refund section of the property tax statute have been amended in each year from 1988 through and including 1992. *See* Colo. Sess.Laws 1988, ch. 268, § 39–10–114(1)(a)(I) at 1290; Colo.Sess.Laws 1989, ch. 324 at 1459; Colo.Sess.Laws 1990, ch. 277 at 1702; Colo.Sess.Laws 1991, ch. 309 at 1963; and Colo.Sess.Laws 1992, ch. 323 at 2239. The parties assumed that both the 1988 version and the 1991 version applied to taxpayer's petition. We do likewise and thus do not address the issue whether one statute applies to the exclusion of the other.

The relevant provisions of § 39–10–114(1)(a)(I) as enacted in 1988 provided as follows:

(A) If taxes have been levied erroneously or illegally, whether due to erroneous valuation for assessment, irregularity in levying, or clerical error, the treasurer shall report the amount thereof to the board of county commissioners, who shall proceed to abate such taxes in the manner provided by law.... No abatement or refund of taxes based upon the ground of errors in valuation shall be made for taxes levied prior to January 1, 1988; except that this provision shall not apply to any valuation which is the subject of an appeal made pursuant to section 39–8–108 which, on the effective date of this sub-subparagraph (A), is pending or upon which a final order or judgment has been issued. On or after January 1, 1990, in no case shall an abatement or refund of taxes be made unless a petition for abatement or refund is filed within one year of the date upon which the taxes were due *or within one year of the issuance of a final order or judgment in an appeal filed pursuant to section 39–8–108, whichever is later....*

Colo.Sess.Laws 1988, ch. 268 at 1290 (emphasis supplied).

In 1991, the same subsection was again amended to provide, as pertinent here:

(A) Except as otherwise provided in sub-subparagraph (D) of this subparagraph (I), if taxes have been levied erroneously or illegally, whether due to erroneous valuation for assessment, irregularity in levying, clerical error, or overvaluation, the trea-

surer shall report the amount thereof to the board of county commissioners, which shall proceed to abate such taxes in the manner provided by law. . . . *In no case shall an abatement or refund of taxes be made unless a petition for abatement or refund is filed within two years after January 1 of the year following the year in which the taxes were levied. . . .*

.    .    .    .    .

(D) An abatement or refund of taxes based upon the grounds of overvaluation of property shall be made only for taxes levied on and after January 1, 1988. . . . *No abatement or refund of taxes levied on and after January 1, 1990, shall be made based upon the ground of overvaluation of property if an objection or protest to such valuation has been made and a notice of determination has been mailed to the taxpayer pursuant to section 39–5–122.*

Colo.Sess.Laws 1991, ch. 309 at 1963 (emphasis supplied).

Under the 1988 version of § 39–10–114(1)(a)(I), a taxpayer was permitted to seek an abatement and refund of taxes for 1988 and 1989 even after the levy of those taxes had been challenged under the protest and adjustment procedure. *D.C. Burns Realty & Trust v. Jefferson County Board of County Commissioners,* 849 P.2d 900 (Colo. App.1993). However, by the emphasized language quoted above, § 34–10–114(1)(a)(I)(D) of the 1991 version precluded a second challenge under the abatement and refund procedure based upon an overvaluation claim, for taxes levied "on or after January 1, 1990," if an initial challenge had already been made under the protest and adjustment procedure. *See Landmark Petroleum, Inc. v. Board of County Commissioners,* 870 P.2d 610 (Colo. App.1993).

I

■ Relying first upon the 1988 version of the statute in effect in 1989, taxpayer contends that the petition was filed in a timely manner because it was filed "within one year of the issuance of a final order or judgment in an appeal filed pursuant to § 39–8–108." Specifically, taxpayer notes that generally an

order of dismissal without prejudice is not a final order for purposes of appeal. Based upon this premise, taxpayer contends that the district court's order was never final and that, therefore, the petition challenging the 1989 taxes was timely filed on April 30, 1992. We disagree with this analysis.

■ Contrary to taxpayer's contention, an order of dismissal without prejudice may constitute a final, appealable order if, as here, a limitations period has expired and the case may not be refiled because it is time barred. *B.C. Investment Co. v. Throm,* 650 P.2d 1333 (Colo.App.1982). Taxpayer could not refile a complaint in the district court following entry of the order of dismissal because more than 30 days had elapsed since entry of the BOE's decision. *See* § 39–8–108(1), C.R.S. (1993 Cum.Supp.). Accordingly, there remained one year within which to file a petition for abatement, and that period expired on June 11, 1991.

Even if we assume that an additional 45 days should be added to the one-year period based upon the time allowed for filing a notice of appeal pursuant to C.A.R. 4(a) and § 24–4–106(9), C.R.S. (1988 Repl.Vol. 10A), the final date for filing a petition in abatement was July 26, 1991. Hence, we find no error in the BAA's determination that a petition filed on April 20, 1992, was untimely.

II

■ Taxpayer next contends that a petition was in effect filed within one year following the date the 1989 taxes were due under the 1988 version. Specifically, taxpayer argues that its complaint in the district court filed on August 30, 1989, should be construed as an "alternate petition" because the court has authority to order a refund of the taxes. Again, we disagree with taxpayer's analysis.

■ The protest and adjustment procedures and the abatement and refund procedures are separate and independent administrative procedures for the adjudication of property tax disputes which are governed by different statutes. *See Gates Rubber Co. v. State Board of Equalization,* 770 P.2d 1189 (Colo.1989).

Section 39–8–108(1), C.R.S. (1993 Cum. Supp.) authorizes a protesting taxpayer to choose between appealing a local board of equalization's decision to the BAA or, alternatively, directly to the district court. *See Denver v. Board of Assessment Appeals,* 748 P.2d 1306 (Colo.App.1987).

Here, the direct appeal to the district court pursuant to § 39–8–108 is part of the protest and adjustment procedures and not the abatement and refund procedures. *See Gates Rubber Co. v. State Board of Equalization, supra.* As a result, the date the district court complaint was filed is not relevant because that complaint may not be legally characterized as a petition in abatement. Hence, we find no error in the BAA's resolution of this contention.

### III

With reference to the 1990 taxes, taxpayer asserts that the taxes imposed were "erroneous" or "illegal" and that, therefore, this petition was timely under the 1991 version of § 39–10–114(1)(a)(I) because it was filed within two years after the taxes were levied. According to taxpayer, the reclassification of property from agricultural to residential represents an "erroneous" or "illegal" act on the part of the assessor with the result that subsection (D) of the statute does not preclude a second challenge to the taxes. We disagree.

As noted, the basis for taxpayer's challenge is that, notwithstanding the reclassification of the property from agricultural to residential, the property continues to be used only for agricultural purposes. This determination, in turn, requires factual determinations as to the actual use of the property during the relevant period. *Boulder County Board of Equalization v. M.D.C. Construction Co.,* 830 P.2d 975 (Colo.1992); *see also Mission Viejo Co. v. Douglas County Board of Equalization,* 881 P.2d 462 (Colo.App. 1994).

Contrary to taxpayer's contention, we do not read *Board of Assessment Appeals v. Benbrook,* 735 P.2d 860 (Colo.1987) to include all reclassifications of property as an issue of illegal or erroneous assessment. *See also*

*Gates Rubber Co. v. State Board of Equalization, supra.* Instead, if, as here, the reclassification issue is totally dependent upon a factual determination, *i.e.,* the actual use of the property at the time the taxes are levied, we view that as an issue of overvaluation. Accordingly, for the 1990 tax year, the taxpayer is precluded under the 1991 amendment from a second challenge to the tax if the protest and adjustment procedure has been utilized.

Taxpayer's other contentions for reversal of the BAA order are predicated upon arguments that were not presented to that agency. Accordingly, we do not address those arguments for the first time on appeal. *See Hancock v. State,* 758 P.2d 1372 (Colo.1988).

The order is affirmed.

METZGER and ROY, JJ., concur.