**STEAMBOAT SKI & RESORT CORP.,**
**Petitioner–Appellant and Cross–**
**Appellee,**

v.

**ROUTT COUNTY BOARD OF EQUAL-**
**IZATION, Respondent–Appellee**
**and Cross–Appellant,**

and

**Colorado State Board of Assessment**
**Appeals, Appellee.**

**No. 00CA0824.**

Colorado Court of Appeals,
Div. IV.

April 12, 2001.

Barry Goldstein, Donald A. Brenner, Denver, CO, for Petitioner–Appellant and Cross–Appellee.

John D. Merrill, Routt County Attorney, Steamboat Springs, CO, for Respondent–Appellee and Cross–Appellant.

No Appearance for Appellee.

Opinion by Judge RULAND.

In this property tax case, petitioner, Steamboat Ski & Resort Corp. (taxpayer), appeals from an order of the Board of Assessment Appeals (BAA) determining the valuation for the 1999 tax year of a parcel of its land. Respondent, the Routt County Board of Equalization (BOE), cross-appeals, seeking the reinstatement of its original valuation. We dismiss the BOE's cross-appeal as untimely and affirm the BAA's order.

The subject property is an 181 acre parcel of unplatted land near the base of a ski area. Most of the parcel is traversed by ski runs and lifts and is located adjacent to approximately 2,900 acres of federal land. For the 1999 tax year, the county assessor valued the subject parcel at $9,090,100, or approximately $50,222 per acre. This valuation was upheld by the BOE.

Taxpayer then appealed to the BAA. At a hearing, taxpayer and the BOE each presented evidence in support of their opposing valuation positions through expert appraisal witnesses. Relying on an income approach analysis, taxpayer's expert valued the subject parcel at $466,000 or approximately $2,575 per acre.

In contrast and based solely on the market approach, the BOE's expert valued the subject parcel at $11,485,000, an amount in excess of the value originally adopted by the BOE. In support, the BOE's expert presented evidence of 31 base period sales of land near various ski areas throughout Colorado that he used as comparables in establishing his valuation.

Following the hearing and based on its analysis of the evidence presented, the BAA reduced the 1999 valuation of the subject parcel to $5,804,127, or $32,067 per acre. In a final order dated and mailed on March 21, 2000, the BAA found taxpayer's income approach analysis to be "too subjective." Instead, it determined a value under the market approach using the comparable sales evidence presented by the BOE's expert. Specifically, the BAA ultimately selected one particular sale of a large parcel near another year-round, major destination resort as being the most comparable sale.

Taxpayer later filed a motion for reconsideration of this ruling, which the BAA denied on May 2, 2000. Also, on May 2, 2000, taxpayer filed its notice of appeal in this court. The BOE then filed its notice of cross-appeal on May 10, 2000.

### I. The BOE's Cross–Appeal

Because the record confirms that the BOE's cross-appeal was not timely filed, we dismiss it for lack of jurisdiction.

The time limits for taxpayer and the BOE to appeal from the BAA's final order are set forth in § 39–8–108(2), C.R.S.2000. Motions

for post-order relief are authorized by BAA Rule 28(e), 8 Code Colo. Reg. 1301–1 (1997), but this rule expressly provides that the filing of such a motion "does not toll the period for seeking judicial review." As a result, taxpayer had 45 days within which to seek judicial review of the BAA's final order. *See* §§ 24–4–106(11)(b), 39–8–108(2), C.R.S.2000. The BOE also could seek judicial review within the same period, but only if the BAA recommended that the case involved an issue of statewide concern or that the ruling would result in a significant decrease in the total valuation of the county. Absent such a recommendation, the BOE was required to seek judicial review within 30 days of the BAA's final order. *See* § 39–8–108(2); *see also Farny v. Board of Equalization*, 985 P.2d 106 (Colo.App.1999) (discussing limitations on right of taxing authorities to appeal from adverse BAA decisions under this statute).

Here, the BAA made no such recommendation. Instead, in its final order the BAA properly notified taxpayer and the BOE of their rights to seek judicial review of this decision within 45 days and 30 days, respectively, as required by § 39–8–108(2). Although taxpayer's notice of appeal was timely filed 42 days later, the BOE's cross-appeal was not filed until May 10, 2000, or eight days after the filing of taxpayer's appeal. The BOE's cross-appeal was thus filed outside the applicable 30–day statutory deadline, which expired on April 20, 2000.

■ We also note that the 14–day period authorized in C.A.R. 4(a) for filing a cross-appeal after a timely notice of appeal has been filed by another party is not applicable in this case. By its terms, C.A.R. 4(a) is limited to appeals taken from a trial court to an appellate court, rather than from an administrative agency. Moreover, C.A.R. 3(b) expressly provides that an appeal permitted by statute from a state agency directly to this court "shall be in the manner and within the time prescribed by the particular statute."

Finally, this court lacks authority pursuant to C.A.R. 26(b) to enlarge the time for filing an appeal from a state agency "except as specifically authorized by law." And, § 39–8–108(2) makes no provision for any extensions of its filing deadlines.

Consequently, because the BOE's appeal was not timely filed, it must be dismissed. *See* § 39–8–108(2); *see also Gyurman v. Weld County Board of Equalization*, 851 P.2d 307 (Colo.App.1993).

## II. Taxpayer's Appeal

■ Taxpayer contends that the BAA's valuation determination must be set aside as being unsupported by any competent evidence. In particular, taxpayer takes issue with the BAA's specific reliance on one sale in valuing the subject parcel and with the comparability of that sale. We perceive no reversible error.

■ It is for the BAA, and not this court, to weigh the evidence and to resolve any conflicts. Moreover, a reviewing court may not set aside a BAA decision as to the appropriate valuation unless it is unsupported by any competent evidence. *See Board of Assessment Appeals v. Colorado Arlberg Club*, 762 P.2d 146 (Colo.1988).

■ Here, although the testimony from the BOE's expert regarding the sale at issue was limited, the information about this sale in his written materials was admitted into evidence without objection by taxpayer. Once the information was in evidence, the BAA, as the trier of fact, was free to place whatever weight it deemed appropriate on this transaction. *See Lawrence v. Board of Equalization*, 989 P.2d 232 (Colo.App.1999). The determinations as to the degree of comparability of this sale and any adjustments to be made in using it were also questions of fact for the BAA to decide. *See Golden Gate Development Co. v. Gilpin County Board of Equalization*, 856 P.2d 72 (Colo.App.1993).

In short, we view taxpayer's arguments challenging the BAA's ruling as going to the weight to be given to the valuation evidence admitted at the hearing. And, on this determination, we may not substitute our judgment for that of the BAA. *See Lawrence v. Board of Equalization, supra.*

Because the BAA's factual determination as to the appropriate valuation of the subject parcel for the 1999 tax year is supported by

competent and substantial evidence in the record as a whole, the BAA's ruling may not be disturbed on review. *See* §§ 24–4–106(7), 24–4–106(11)(e), C.R.S.2000; *Lawrence v. Board of Equalization, supra* (similarly upholding under this standard of review BAA valuation determination that fell between valuations asserted by the parties); *see also Burns v. Board of Assessment Appeals,* 820 P.2d 1175 (Colo.App.1991).

■ Finally, we decline to address taxpayer's arguments concerning the comparable sales requirements of § 39–1–103(8), C.R.S. 2000. Taxpayer did not raise any questions concerning these statutory requirements in the proceedings before the BAA, and we may not address that issue for the first time on appeal. *See Wyler/Pebble Creek Ranch v. Colorado Board of Assessment Appeals,* 883 P.2d 597 (Colo.App.1994).

Accordingly, the BOE's cross-appeal is dismissed with prejudice. On taxpayer's appeal, the BAA's order is affirmed.

DAVIDSON and KAPELKE, JJ., concur.