171 P.3d 633 (2007)
ECHOSTAR SATELLITE, L.L.C., Petitioner-Appellee, and
Colorado State Board of Assessment Appeals, Appellee,
v.
ARAPAHOE COUNTY BOARD OF EQUALIZATION, Respondent-Appellant, and
Jo Ann Groff, Property Tax Administrator for the State of Colorado, Intervenor-Appellant.
No. 05CA2584.
Colorado Court of Appeals, Div. I.
August 23, 2007.
*634 Holland & Hart, LLP, Allan Poe, Musu V. Brooks, Greenwood Village, Colorado, for Petitioner-Appellee.
John W. Suthers, Attorney General, Lisa Brenner Freimann, Assistant Attorney General, Denver, Colorado, for Appellee.
Kathryn L. Schroeder, County Attorney, George Rosenberg, Assistant County Attorney, Littleton, Colorado, for Respondent-Appellant.
John W. Suthers, Attorney General, Robert H. Dodd, Jr., Assistant Attorney General, Denver, Colorado, for Intervenor-Appellant.
Opinion by Judge M¡RQUEZ.
In this property tax case, respondent, the Arapahoe County Board of Equalization (BOE), and intervenor, the Property Tax Administrator (PTA), appeal from an order of the Board of Assessment Appeals (BAA) that reclassified certain personal property owned by petitioner, EchoStar Satellite, L.L.C. (EchoStar), as exempt for the 2004 tax year. We affirm.
According to the parties' partial stipulation, the subject property here consists of "set top boxes" (boxes) and "low-noise block filters" (filters) owned by EchoStar that were located at hundreds of service addresses of its customers in Arapahoe County on January 1, 2004. EchoStar rented the boxes and filters to its customers for their use with other equipment in obtaining television signal reception.
At issue is whether this equipment qualified for the property tax exemption authorized in constitutional and statutory provisions for personal property held for consumption by a business, under the applicable criteria for this exemption set forth in the reference manuals published by the PTA. Contrary to the arguments of the BOE and the PTA, we perceive no error in the BAA's ruling that the subject property met the PTA's published criteria for this exemption.
Under the Colorado Constitution, certain classes of personal property, as defined by law, are exempt from property taxation, including "inventories of merchandise and materials and supplies which are held for consumption by a business or are held primarily for sale." Colo. Const. art. X, ß 3(1)(c). Such personal property is similarly exempted *635 from property taxation under ß 39-3-119, C.R.S.2006, which further requires the PTA to publish in the reference manuals a definition or description of the types of personal property that are "held for consumption by any business" and are thereby exempt.
As to the 2004 tax year, the PTA's published criteria for the "consumable" personal property exemption are set forth in 5 Assessors Reference Library ß VII, at 7.127.13 (rev.Jan.2004). Under these provisions, an item of personal property must satisfy one of two criteria to be classified as "consumable" and therefore exempt. To qualify for this exemption, the "item must have an economic life of (1) one year or less," or have "an economic life exceeding one year," but have "an acquisition cost, inclusive of installation cost, sales tax, and freight expense to the point of use, of $250 or less."
After the BOE denied EchoStar's exemption claims regarding the property at issue for the 2004 tax year, EchoStar appealed to the BAA. In the BAA proceedings, EchoStar and the BOE stipulated that the boxes and filters have an economic life exceeding one year, but that each box and each filter, or a combination of one box and one filter, had an acquisition cost to the point of use of $250 or less.
EchoStar asserted that the boxes and filters are exempt from property tax under ß 39-3-119 and Colo. Const. art. X, ß 3(1)(c), which, as noted, exempt inventories of merchandise and materials and supplies that are held for consumption by a business or are held primarily for sale. EchoStar contended that each box, filter, or combination at a customer's address qualified for the "consumable" personal property exemption under the second criterion of the PTA's published guidelines. The BOE contended that the boxes and filters were components of a larger system rather than individual items under the guidelines and did not qualify for exemption under this criterion because the cost of the total system in place and ready for the end user exceeded $250.
Following a hearing, the BAA ruled that the boxes and filters were individual "items" and not component parts of a larger system for purposes of the second exemption criterion of the PTA's published guidelines. Consistent with EchoStar's evidence, the BAA found that the boxes and filters were produced by different manufacturers, were purchased separately, and were recorded by EchoStar as separate assets. The BAA further found that, although the boxes and filters function together, each item performs a unique operation, and that when a customer relocates, only the box moves with the customer while the filter stays at its original location. Consequently, the BAA ruled that the subject personal property should be reclassified as exempt for the 2004 tax year. This appeal followed.

I. Exemption Issues
The key issue on appeal is whether the second exemption criterion of the PTA's published guidelines applies to exempt the subject property under the circumstances here. EchoStar and the BAA contend that the boxes and filters qualify for exemption under this criterion as individual items of consumable equipment. The BOE and the PTA contend that the boxes and filters do not qualify for exemption under this criterion, arguing that they are merely components of a larger and fully taxable system of personal property. We agree with EchoStar and the BAA.
Although property tax exemptions generally are strictly construed, each claim for tax exemption must be resolved on the basis of its own facts under the applicable legal standards. See Pilgrim Rest Baptist Church, Inc. v. Prop. Tax Adm'r, 971 P.2d 270, 272 (Colo.App.1998); Nat'l Junior Coll. Athletic Ass'n v. Huddleston, 939 P.2d 509, 511 (Colo.App.1997).
The ultimate determination as to whether the subject personal property qualified for a property tax exemption under the second exemption criterion of the PTA's published guidelines involves mixed issues of law and fact. Consequently, under the applicable standard of review, the BAA's exemption determination must be sustained if it has a reasonable basis in law and is supported by substantial evidence in the record as a whole. See ß 24-4-106(7), (11)(e), C.R.S.2006; Pilgrim *636 Rest Baptist Church, Inc. v. Prop. Tax Adm'r, supra, 971 P.2d at 272; see also Family Tree Found. v. Prop. Tax Adm'r, 119 P.3d 581, 584 (Colo.App.2005).
To the extent that the BOE challenges the limited factual findings made by the BAA regarding the characteristics of the boxes and filters, we reject these challenges. Because these factual findings are supported by substantial evidence in the record as a whole, they may not be disturbed on judicial review. See ß 24-4-106(7), (11)(e); Steamboat Ski & Resort Corp. v. Routt County Bd. of Equalization, 23 P.3d 1258, 1260-61 (Colo. App.2001). However, courts must interpret the law and are not bound by an agency interpretation that misconstrues it. See FirstBank-Longmont v. Bd. of Equalization, 990 P.2d 1109, 1111-12 (Colo.App.1999) (rejecting BAA's interpretation of BAA's own procedural rule).
The PTA's published guidelines contain additional provisions regarding the second criterion for the "consumable" personal property exemption. Specifically, the applicable guidelines provide that "[t]he $250 per item limitation applies to the acquisition cost of the item as completely assembled for use in the business, not the item's unassembled, individual component parts." 5 Assessors Reference Library, supra, ß VII, at 7.13 (emphasis added).
Thus, we first conclude that by use of the term "business," the constitution, statute, and guidelines indicate that the costs are costs to the business owner of the property, which is the entity to be taxed.
The applicable guidelines also provide two examples. The first example provides that the $250 threshold applies to "a complete computer system in place and ready for the end user," rather than the component parts of that system, such as the mouse, keyboard, and monitor. In the second example, the guidelines provide that the $250 threshold applies to "an entire theater seating system," and that the individual theater seats are unassembled individual component parts of that system. 5 Assessors Reference Library supra, ß VII, at 7.13.
Here, the boxes and filters are separate pieces of equipment that are owned by EchoStar and leased to EchoStar's customers for ultimate use at the customers' locations, where they are used together with other equipment for television signal reception by the customers. As found by the BAA, EchoStar purchases the boxes and filters separately from different manufacturers, and they are recorded as separate assets by EchoStar. The undisputed testimony of EchoStar's witnesses also indicates that the boxes and filters have their own component parts, and that EchoStar purchases the boxes and filters as completely assembled units ready for installation at a customer's location.
These characteristics of the subject property support the conclusion that the boxes and filters should be considered separate items of equipment for purposes of applying the PTA's second criterion for the "consumable" personal property exemption. The boxes and filters individually satisfy the description of the type of property exempted under the PTA's published guidelines, because they are each acquired completely assembled for use in EchoStar's business. See 5 Assessors Reference Library, supra, ß VII, at 7.13.
Contrary to the arguments of the BOE and the PTA, we are not persuaded that the examples in the PTA's published guidelines indicate otherwise, because we find the "systems" described in these examples are factually distinguishable and inapplicable to the situation at issue in this case.
Relying on the examples in the published guidelines, the BOE and the PTA also contend that the boxes and filters must be viewed as individual component parts of a larger system for providing satellite television service upon installation to individual customers, and that the complete system in place and ready for use by each customer exceeds the $250 threshold. However, unlike the "systems" described in the published examples, the business in the situation here owns the box and filter but does not own all the component parts of the complete system asserted, and the components owned by the business are required to be used with other equipment owned by the customer at the customer's location.
*637 At a minimum, the "system" asserted by the BOE and the PTA as to an individual EchoStar customer would include not only the box and filter leased by EchoStar, but also a satellite dish, cable, and television set at the customer's location. There was undisputed testimony at the hearing that the dish, cable, and television set are owned by the customer upon installation.
Even acknowledging that an individual customer cannot use a box and filter alone to receive the desired television signal reception, we perceive no basis in the PTA's published guidelines for aggregating the cost of all components of this "system," including those not owned by EchoStar, for purposes of determining whether EchoStar's equipment at the customer's location qualifies for exemption under the PTA's second criterion.
Such an approach is not required by the published examples, which do not involve ownership of components of a "system" by different entities or off-site use of leased equipment with other equipment. The BOE's witness, a representative of the PTA, testified at the hearing that the published guidelines have not addressed different ownership of components of a system.
Even though the boxes and filters are rented, the BAA also found that the filters remain at their original installed location when a customer relocates. If EchoStar sold the boxes and filters instead of renting them, they would appear to qualify for a property tax exemption when owned by EchoStar as inventories held for sale. See ß 39-3-119. We perceive no compelling reason under the published guidelines for treating this equipment as exempt if sold but taxable if leased.
Thus, absent any language in the PTA's published guidelines further describing "systems" and "components" or requiring aggregation of costs in similar circumstances for purposes of the second criterion of the "consumable" personal property exemption, we conclude that the BAA did not err in ruling that the subject property qualified for this exemption. Because the BAA's exemption determination has a reasonable basis in law and is supported by substantial evidence in the record as a whole, it must be sustained under the applicable standard of review. See ß 24-4-106(7), (11)(e); Family Tree Found. v. Prop. Tax Adm'r, supra, 119 P.3d at 584; Pilgrim Rest Baptist Church, Inc. v. Prop. Tax Adm'r, supra, 971 P.2d at 272.
Finally, we note the limited nature of our holding in this case. Like the BAA, we must determine only how a particular set of facts may relate to the PTA's published guidelines regarding the "consumable" personal property exemption for a particular tax year. Contrary to the PTA's argument, we have no authority or intent "to determine the scope of the `consumable' exemption" in any broader factual context than the one before us. By statute, the PTA has the responsibility to determine the scope of the "consumable" exemption by publishing appropriate guidelines in the reference manuals. See ß 39-3-119.

II. Evidentiary Ruling
We also reject the arguments of the BOE and the PTA that the BAA erred in excluding a document offered by the BOE from evidence. In our view, any error in this regard was harmless.
At the hearing, the BOE sought to introduce into evidence a memorandum from the PTA dated June 1, 2004. This memorandum was prepared in response to EchoStar's 2004 tax year property tax challenges, and stated the PTA's position that EchoStar's equipment should be viewed as component parts of a larger telecommunications system for purposes of the $250 consumable personal property exemption.
The BAA sustained EchoStar's objection to this exhibit because it was not submitted in advance of the hearing, as required by the BAA's rules. See BAA Rule 11, 8 Code Colo. Regs. 13011. Nevertheless, the BOE's witness was the author of this memorandum, and the BAA permitted him to testify at length regarding the same issues and the PTA's position.
Error may not be predicated on a ruling excluding evidence unless a substantial right of a party is affected. CRE 103(a). Even if we assume that the document should have *638 been admitted into evidence, we perceive no reversible error in the BAA's ruling because in view of the testimony permitted on the matter, the BOE was not prejudiced by its exclusion. See Goodwill Indus. v. Indus. Claim Appeals Office, 862 P.2d 1042, 1045 (Colo.App.1993) (in hearing on unemployment claim, no reversible error in exclusion of documents from evidence for failure to provide copies in advance of hearing in view of testimony permitted); see also Rojhani v. Meagher, 22 P.3d 554, 557 (Colo.App.2000).
In view of this disposition of the issues, we need not address the parties' remaining contentions.
The BAA's order is affirmed.
Judge TAUBMAN and Judge J. JONES concur.