The summaries of the Colorado Court of Appeals published opinions
constitute no part of the opinion of the division but have been prepared by
the division for the convenience of the reader. The summaries may not be
cited or relied upon as they are not the official language of the division.
Any discrepancy between the language in the summary and in the opinion
should be resolved in favor of the language in the opinion.

SUMMARY
April 30, 2020

## 2020COA74

## No. 18CA0245, *Morrison Tr. v. Bd. of Cty. Comm'rs* — Taxation — Property Tax — Residential Land

For the first time, a division of the court of appeals applies the
Colorado Supreme Court's articulation in *Mook v. Board of County
Commissioners*, 2020 CO 12, 457 P.3d 568, of the "used as a unit"
test for determining whether a vacant parcel should be classified as
residential land for tax purposes. The division reverses the Board of
Assessment Appeals' denial of the appellant's petition and remands
the case for a determination of whether the petition should be
granted under the *Mook* test for "used as a unit."

COLORADO COURT OF APPEALS                    **2020COA74**

---

Court of Appeals No. 18CA0245
Board of Assessment Appeals Case No. 70093

---

Sandra K. Morrison Trust,

Petitioner-Appellant,

v.

Board of County Commissioners of Eagle County, Colorado,

Respondent-Appellee,

and

Board of Assessment Appeals, State of Colorado,

Appellee.

---

ORDER REVERSED AND CASE
REMANDED WITH DIRECTIONS

Division VII
Opinion by JUDGE LIPINSKY
Fox and Davidson*, JJ., concur

Announced April 30, 2020

---

Ryley Carlock & Applewhite, F. Brittin Clayton III, Stacy L. Brownhill, Denver, Colorado, for Petitioner-Appellant

Brian R. Treu, County Attorney, Christina C. Hooper, Assistant County Attorney, Eagle, Colorado, for Respondent-Appellee

Philip J. Weiser, Attorney General, John August Lizza, First Assistant Attorney General, Evan P. Brennan, Assistant Attorney General, Denver, Colorado, for Appellee

*Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and § 24-51-1105, C.R.S. 2019.

¶ 1     Sandra K. Morrison Trust (the Trust) appeals the denial of its petition by the Board of Assessment Appeals (BAA) to reclassify a parcel of its land (the subject parcel) as residential for property tax purposes.  The subject parcel adjoins a parcel (the residential parcel) on which the Trust owns a half-duplex.  The residential parcel is taxed as residential land, while the subject parcel is taxed at a higher rate as vacant land.  The Trust contends that, in determining that the subject parcel should be taxed as vacant land, the BAA misconstrued the "used as a unit in conjunction with . . . residential improvements" element for classification of property as residential land under section 39-1-102(14.4)(a), C.R.S. 2019.

¶ 2     This case does not present us with a blank slate, however.  The Trust's appeal is one of no fewer than twenty-six substantially similar cases in which landowners have challenged the classification of their vacant parcels as non-residential.  Divisions of this court have interpreted section 39-1-102(14.4)(a) differently.  *See, e.g., Mook v. Bd. of Cty. Comm'rs*, 2020 CO 12, ¶ 45, 457 P.3d 568, 578 (citing court of appeals cases reaching different conclusions regarding the meaning of the statute).  In *Mook*, the

Colorado Supreme Court resolved the divisions' disagreements regarding the meaning of "used as a unit." *Id.*

¶ 3    Based on the supreme court's analysis in *Mook*, we conclude that the BAA applied the incorrect legal standard in denying the Trust's petition for reclassification of the subject parcel as residential land. We therefore reverse and remand the case to the BAA for reconsideration of the Trust's petition using the analysis of "used as a unit" in *Mook*, as we explain further below.

## I.    A Tale of Two Parcels

¶ 4    The Trust sought reclassification of the subject parcel from vacant to residential land, retroactive for two tax years. The Board of County Commissioners of Eagle County (BCC) affirmed the county assessor's classification of the subject parcel as vacant land.

¶ 5    The Trust filed a petition with the BAA seeking review of the BCC's classification of the subject parcel as vacant land. At the hearing, Alec Morrison, a witness for the Trust, testified that the Morrison family, which resides out of state, considers the residential parcel a second home. Morrison family members visit the residential parcel two to five times each year. Morrison testified that his family uses the subject parcel as an extension of its

2

backyard, to access nearby Bureau of Land Management land, to hike, and to pick wildflowers. Morrison further explained that the Trust purchased the subject parcel to offer the family privacy and to preserve "the view out the back [of the residence] up the hill." He said that the Trust would not have purchased the subject parcel if it had not also owned the residential parcel.

¶ 6 An appraiser for the Eagle County Assessor's Office testified on behalf of the BCC. The appraiser reported that the subject parcel was not improved with any structures; "there was no physical evidence of any type of use"; the subject parcel was not an integral part of the residential use of the residential parcel; and the subject parcel would "[m]ost likely not" be conveyed with the residential parcel as a unit. The assessor recommended that the BAA deny the Trust's request for reclassification of the subject parcel as residential land.

¶ 7 The BAA upheld the BCC's classification of the subject parcel as vacant land. The BAA found that the subject parcel was not "used as a unit in conjunction with the residential improvements" on the residential parcel. The BAA therefore concluded that the Trust had not met its burden of proving that the subject parcel

3

satisfied the definition of "residential land" under section 39-1-102(14.4)(a).  The Trust appealed the BAA's order.

## II.   Standard of Review

¶ 8     The ultimate determination of the appropriate classification of land for property tax purposes involves mixed issues of law and fact.  *Home Depot USA, Inc. v. Pueblo Cty. Bd. of Comm'rs*, 50 P.3d 916, 920 (Colo. App. 2002).  The interpretation of statutes is a question of law that we review de novo.  *Mook*, ¶ 24, 457 P.3d at 574.  We will apply an agency's interpretation of the statutes it administers so long as "the interpretation has a reasonable basis in the law and is supported by the record."  *Marshall v. Civil Serv. Comm'n*, 2016 COA 156, ¶ 9, 401 P.3d 96, 99.  An agency's reading of a statute, however, cannot alter the statutory language by adding or subtracting words from it.  *Holcomb v. Jan-Pro Cleaning Sys. of S. Colo.*, 172 P.3d 888, 894 (Colo. 2007).

¶ 9     In proceedings before the BAA, a county assessor's classification is presumed correct and the taxpayer bears the burden of rebutting that presumption by a preponderance of the evidence.  *Home Depot*, 50 P.3d at 920.  Whether the taxpayer has met his or her burden of proof is a question of fact for the BAA.

4

*Gyurman v. Weld Cty. Bd. of Equalization,* 851 P.2d 307, 310 (Colo. App. 1993). "[T]he evaluation of the credibility of the witnesses and the weight, probative value, and sufficiency of all of the evidence are matters solely within the fact-finding province of the BAA, whose decisions in such matters may not be displaced on appeal by a reviewing court." *Id.*

¶ 10  We will set aside an order of the BAA only if it constituted an abuse of discretion or was arbitrary and capricious, based upon findings of fact that were clearly erroneous, unsupported by substantial evidence, or otherwise contrary to law. *Boulder Cty. Bd. of Comm'rs v. HealthSouth Corp.,* 246 P.3d 948, 951 (Colo. 2011).

### III.  The Law Governing the Classification of Real Property for Tax Purposes

#### A.  The Statutory Definitions of "Residential Land" and "Residential Improvements"

¶ 11  The General Assembly defined "residential land" as "a parcel or contiguous parcels of land under common ownership upon which residential improvements are located and that is used as a unit in conjunction with the residential improvements located thereon." § 39-1-102(14.4)(a).  Thus, for an undeveloped parcel to be classified as residential land in a scenario involving multiple

5

parcels, it must be (1) contiguous with residential land; (2) used as a unit with residential land; and (3) under common ownership with residential land. *Mook*, ¶ 28, 457 P.3d at 575.

¶ 12  The statutory definition of "residential improvements" is "a building, or that portion of a building, designed for use predominantly as a place of residency by a person, a family, or families." § 39-1-102(14.3). "Residential improvements" include "buildings, structures, fixtures, fences, amenities, and water rights that are an integral part of the residential use." *Id.*

B.  The State Property Tax Administrator's Interpretation of Section 39-1-102(14.4)(a)

¶ 13  The State Property Tax Administrator (PTA) provides guidance regarding how property should be classified for tax purposes through interpretations of the statutory definitions. The PTA publishes the Assessors' Reference Library (ARL) to assist tax assessors in applying the statutory definitions of different types of land, including the definition of "residential land" in section 39-1-102(14.4)(a). *See Mook*, ¶ 48, 457 P.3d at 578. The section entitled "Contiguous Parcels of Land with Residential Use" states that "[p]arcels of land, under common ownership, that are contiguous

6

and used as an integral part of a residence, are classified as residential property." 2 Div. of Prop. Taxation, Dep't of Local Affairs, *Assessors' Reference Library* § 6, at 6.11 (rev. Jan. 2020).

### C. The Supreme Court Clarifies the Meaning of "Used as a Unit"

¶ 14 As noted above, the Colorado Supreme Court clarified the meaning of "used as a unit" in *Mook*, a trio of consolidated cases involving the statutory definition of "residential land."

¶ 15 Marc and Marilyn Hogan, the plaintiffs in one of the consolidated cases, own three contiguous parcels, two of which are classified as residential for property tax purposes. Their third parcel (the Hogan parcel) is classified as vacant land. The Hogans contended that the Hogan parcel should be classified as residential because they use the three parcels as a unit. *Mook*, ¶¶ 11-14, 457 P.3d at 572-73.

¶ 16 The facts in the Hogans' case are similar to those in the Trust's case. The Hogans alleged that they use the Hogan parcel "to walk their dog, gather firewood, park vehicles and a trailer, and secure scenic views with a privacy buffer." *Id.* at ¶ 15, 457 P.3d at 573. And, like the subject parcel, there are no residential improvements on the Hogan parcel. *Id.* at ¶ 46, 457 P.3d at 578.

7

¶ 17     The county assessor rejected the Hogans' request for reclassification of the Hogan parcel after determining that they did not "use the subject parcel as a unit" with their two residential parcels. *Id.* at ¶¶ 15, 46, 457 P.3d at 573, 578. The assessor interpreted the ARL's guidelines to mean that the Hogans' use of the Hogan parcel was insufficiently "active" to satisfy the "used as a unit" test. *Id.* The assessor also concluded that the Hogan parcel could not be "considered an integral part of the residence" because it was neither "necessary" nor "essential" to the use of the residential parcels. *Id.* at ¶ 50, 457 P.3d at 578. Further, the assessor determined that the Hogan parcel could not be taxed as residential land because it did not contain a "residential improvement." *Id.* at ¶ 46, 457 P.3d at 578.

¶ 18     The Hogans appealed the assessor's classification of the Hogan parcel to the Board of County Commissioners of Summit County, which upheld the assessor's decision. *Id.* at ¶ 14, 457 P.3d at 573. The Hogans then appealed to the BAA, which also affirmed the assessor's determination. *Id.* at ¶ 46, 457 P.3d at 578. A division of this court reversed the BAA's decision. *Hogan v. Bd. of Cty.*

8

*Comm'rs*, 2018 COA 86, ¶ 46, ___ P.3d ___, ___, *aff'd sub nom. Mook*, ¶ 87, 457 P.3d at 584.

¶ 19    The supreme court's analysis of "used as a unit" in *Mook* guides our review of the BAA's decision in the Trust's case.  We next consider those portions of *Mook* most relevant to this appeal.

### 1.    The Court Harmonized the Statutory Definitions

¶ 20    First, the supreme court applied the dictionary definitions of "used" and "unit" to interpret the statutory language.  The court concluded that these definitions suggest that a property owner "must employ the subject property as a constituent part of a larger whole" to satisfy the "used as a unit" test.  *Mook*, ¶ 51, 457 P.3d at 579.  This means treating the residential and subject parcels "as a single residential unit and us[ing] it accordingly."  *Id.*

¶ 21    After reviewing the dictionary definition of "integral," the supreme court held that the assessor (and the BAA) erred in engrafting the concepts of "necessary" and "essential" onto "used as a unit."  *Id.* at ¶ 52, 457 P.3d at 579.  "These terms do not track the statutory language, and using them significantly narrows the plain meaning of 'used as a unit.'"  *Id.*

¶ 22    But the analysis of whether a vacant parcel should be reclassified as residential land does not conclude upon a determination that the owner uses the parcels as a single residential unit.  The landowner must also not use the vacant parcel for a non-residential use.  "The last sentence of section 39-1-102(14.4)(a) provides that '[t]he term [residential land] does not include any portion of the land that is used for any purpose that would cause the land to be otherwise classified . . . .'"  *Id.* at ¶ 69, 457 P.3d at 581.  Thus, the subject property cannot be classified as residential land if it is used for commercial, agricultural, or other non-residential uses, as defined by statute or the ARL.  *Id.*

¶ 23    The supreme court then harmonized the conflicting definitions of "residential land" and "vacant land."  It explained how assessors can determine whether a landowner's use of undeveloped property qualifies the land for a residential land classification over a vacant land classification, noting that the determination of whether a parcel satisfies the "used as a unit" requirement is "an issue of *classification*, not *valuation*."  *Id.* at ¶ 76, 457 P.3d at 583.

10

> [T]he residential land definition addresses the specific circumstances present here. That definition expressly permits the reclassification of undeveloped property if the parcel is contiguous to residential land, commonly owned with residential land, and used as a unit with residential land. And the Hogans seek to reclassify not just any undeveloped parcel but one that is contiguous to, and under common ownership with, their residential land and which they purportedly use in conjunction with their home. Thus, to the extent the residential land definition irreconcilably conflicts with the vacant land definition, we elect to apply the residential land definition here.

*Id.*

¶ 24    The court concluded that

> [t]he plain language of section 39-1-102(14.4)(a), the ARL, and relevant court of appeals caselaw indicate that, to satisfy the "used as a unit" requirement, *a landowner must use multiple parcels of land together as a collective unit of residential property.* This is the standard the BAA should apply on remand to determine whether [a landowner's] use of the subject parcel satisfies the "used as a unit" requirement of section 39-1-102(14.4)(a).

*Id.* at ¶ 77, 457 P.3d at 583 (emphasis added).

11

## 2. The Court Held that a Contiguous Vacant Parcel Can Be Reclassified as Residential Land Even if It Does Not Contain a Residential Improvement

¶ 25    Second, the supreme court held that "the plain language of section 39-1-102(14.4)(a) doesn't require each parcel of land in a multi-parcel assemblage to contain a residential improvement." *Id.* at ¶ 59, 457 P.3d at 580.  "In stating the 'used as a unit' requirement, the legislature refers to the 'contiguous parcels of land under common ownership' as a collective group that must together (not individually, parcel-by-parcel) satisfy that element." *Id.* at ¶ 60, 457 P.3d at 580.  "[R]esidential improvements located thereon" in section 39-1-102(14.4)(a) "refers to the multi-parcel 'unit.'  Thus, the statute only requires that landowners use the collective unit of property (composed of multiple, individual parcels) together with the residential improvements located on that *collective unit.*  Nothing in the statute mandates that these residential improvements exist on *each parcel.*" *Id.*

### 3. The Court Explained that Assessors Should Disregard Whether the Owner Would Likely Sell the Parcels Together or Separately

¶ 26    Third, the supreme court rejected the assessor's prediction that the Hogans would likely sell the Hogan parcel separately from

their residential parcels because the statute refers only to "an owner's present use of property." *Id.* at ¶ 54, 457 P.3d at 579. Assessors may only consider "an owner's present use of land for classification purposes," *id.* at ¶¶ 54-55, 457 P.3d at 579, because the statutory definition of "residential land" is drafted in the present tense. *Id.*

### 4. The Essential Principles for Interpreting "Used as a Unit"

¶ 27 Based on this analysis, the supreme court articulated two essential principles for interpreting the "used as a unit" requirement. First, the parcels must be used "as though they're a greater, single parcel of land." *Id.* at ¶ 65, 457 P.3d at 581. Second, the landowner must not use the subject parcel for "non-residential property uses." *Id.* at ¶ 69, 457 P.3d at 581.

¶ 28 At the conclusion of *Mook*, the supreme court affirmed the division's ruling in *Hogan* and remanded the case to the BAA with instructions to apply the legal standards articulated in *Mook* to determine whether the Hogan parcel satisfied the "used as a unit" test and, therefore, should be reclassified as residential land. *Id.* at ¶ 87, 457 P.3d at 584.

13

IV.   The BAA Erred in Classifying the Subject Parcel as Vacant Land

¶ 29    Based on the supreme court's guidance in *Mook*, we conclude that the BAA erred in rejecting the Trust's petition for reclassification of the subject parcel as residential land because it applied a test for "used as a unit" that the supreme court rejected in *Mook*. We remand the case to the BAA to reconsider the Trust's petition under the "used as a unit" analysis in *Mook*. On remand, the BAA should

- consider whether the Trust uses (1) the subject parcel and the residential parcel "as though they're a greater, single parcel of land," *id.* at ¶ 65, 457 P.3d at 581; (2) the subject parcel for "non-residential property uses," such as a commercial or agricultural use, *id.* at ¶ 69, 457 P.3d at 581; and (3) the subject parcel and the residential parcel as "a collective unit of residential property," *id.* at ¶ 77, 457 P.3d at 583;

- disregard the lack of residential improvements on the subject parcel because the residential parcel contains a half-duplex, *see id.* at ¶ 60, 457 P.3d at 580; and

14

- disregard whether the Trust would or would not likely convey the subject parcel and the residential parcel together as a unit, *see id.* at ¶¶ 54-55, 457 P.3d at 579.

## V. The BAA's Right to File an Answer Brief

¶ 30 We decline to review the Trust's challenge to the BAA's right to file an answer brief. The Trust raised this issue for the first time in a footnote in its reply brief. Issues not presented in an opening brief will not be considered when raised for the first time in a reply brief. *Knappenberger v. Shea*, 874 P.2d 498, 503 (Colo. App. 1994).

## VI. Conclusion

¶ 31 The BAA's denial of the Trust's petition is reversed. The case is remanded to the BAA for a redetermination of whether the subject parcel should be reclassified as residential land using the supreme court's analysis of "used as a unit" in *Mook*. The BAA, in its discretion, may take additional evidence in redetermining this matter.

JUDGE FOX and JUDGE DAVIDSON concur.